## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERICA KWON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BANK OF AMERICA, N.A. AND | ) | |
| TRANSUNION, LLC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, ERICA KWON ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants BANK OF AMERICA, N.A. ("BOFA") and TRANSUNION, LLC. ("TRANSUNION") (collectively referred to as "Defendants"):

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Bergen County, in the City of Hackensack, in the State of New Jersey.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. BOFA, is a financial services company located in Charlotte, North Carolina and conducting business in the State of New Jersey.

5. BOFA was a "person" at all times relevant as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher" of credit information as that term is described in 15 U.S.C. § 1681s-2

*et seq*.

6.     TRANSUNION is a Limited Liability Corporation with its headquarters located in Chicago, Illinois and conducting business in the State of New Jersey.

7.     TRANSUNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

8.     TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9.     TRANSUNION furnishes such consumer reports to third parties under contract for monetary compensation.

10.     TRANSUNION, along with  Equifax and Experian, who are not a party to this action, are "consumer reporting agencies" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

11.     At all times relevant to this Complaint, Defendants acted through their agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### Jurisdiction and Venue

12.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

13.     Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

14.     Plaintiff is a consumer who is the victim of inaccurate reporting by BOFA and TRANSUNION and has suffered particularized and concrete harm.

15.     CRAs, including TRANSUNION, Equifax and Experian, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

16.     On or about December 1, 2017, Plaintiff agreed to settle her Account ending in 8219 ("Account") with BOFA for $3,420.00 to be paid in monthly payments beginning January 18, 2018 until the amount is paid in full.

17.     Per the terms of his settlement agreement, upon receipt of monthly payments, BOFA would consider the Account settled for less than the full balance.

18.     In February 2019, Plaintiff satisfied the terms of her settlement agreement by making monthly payments totaling $3,420.00 pursuant to the agreement with BOFA.

19.     Despite Plaintiff's performance under the terms of the agreement, Defendant BOFA reported inaccurate information regarding the Account to TRANSUNION.

20.     On or about May 13, 2020, Plaintiff received a copy of her credit report from TRANSUNION and noticed inaccurate information reported by BOFA.

21.     Specifically, TRANSUNION reported the Account as "Adverse" and a "Charge Off" from September 2017 through April 2019..  This information is inaccurate since Plaintiff satisfied the terms of her agreement with BOFA in February 2019.

22.     On or about May 18, 2020, Plaintiff disputed the inaccurate information with TRANSUNION.

23.     Assumedly, pursuant to its responsibility in 15 U.S.C. § 1681i, TRANSUNION notified BOFA of Plaintiff's dispute regarding the accuracy of the information they provided concerning the Account.

24.     Upon being notified by TRANSUNION, BOFA was required to conduct a reasonable re-investigation with respect to the disputed information, review all relevant information provided by TRANSUNION, report the results of the re-investigation to, and if the re-investigation found information was incomplete and inaccurate, report such results to all CRAs. 15 U.S.C. § 1681s-(2)(b)(1).

25.     As of August 6, 2020, TRANSUNION continued to report the same inaccurate information on Plaintiff's credit report.

26.     If BOFA would have complied with its statutory duties, the inaccurate information regarding the Account would not have been reported.

27.     Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANSUNION was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

28.     If TRANSUNION would have complied with its statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

29.     As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

## COUNT I– BOFA
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

30.     Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-29.

31.     After receiving Plaintiff's dispute, BOFA failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

32.     BOFA violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable re-investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the re-investigation to TRANSUNION, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of BOFA's representations to the CRAs.

33.     As a result of this conduct, action, and inaction of BOFA, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34.     BOFA's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

35.     In the alternative, BOFA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

36.     Plaintiff is entitled to recover costs and attorneys' fees from BOFA pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT II –TRANSUNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

37.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

38.     After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

39.     TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANSUNION published and maintained concerning Plaintiff.

40.     As a result of this conduct, action and inaction of TRANSUNION Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41.     TRANSUNION's conduct, action, and inaction were willful, rendering Defendant TRANSUNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42.     In the alternative, TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43.     Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III –TRANSUNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

44.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

45.     After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

46.     Defendant TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

47.     As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48.     TRANSUNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49.     In the alternative, Defendant TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a)  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b)  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c)  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d)  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: December 3, 2020                      Respectfully submitted,

                                             */s/ Daniel Ruggiero*
                                             Daniel Ruggiero
                                             The Law Office of Daniel Ruggiero
                                             Daniel Goldsmith Ruggiero
                                             275 Grove St., Suite 2-400
                                             Newton, MA, 02466
                                             P: (339) 237-0343
                                             E: DRuggieroEsq@gmail.com

                                             Attorney for Plaintiff, Erica Kwon